UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOUGH BONTON,<br><br>        Petitioner,<br><br>   v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT,<br><br>        Respondent. | No. 2:19-cv-1602 EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed an application to proceed in forma pauperis ("IFP"). ECF No. 5. That application is granted, however, his petition must be dismissed for the reasons stated below.

I.     Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

/////

/////

1

II. <u>Analysis</u>

Petitioner states that he plead no contest and was convicted of: (1) possession of heroin for sale in violation of California Health and Safety Code § 1135; and (2) an enhancement for a prior drug conviction pursuant to Health and Safety Code § 11370.2. ECF No. 1 at 2. His petition raises a single claim: that his enhancement was illegally imposed in light of California Senate Bill 1393, which restored state trial courts' discretion to strike five-year enhancements under California Penal § Code 667, subdivision (a)(1). ECF No. 1 at 5, 9-10.

Assuming without deciding that petitioner's characterization of state law is correct, this claims still fails insofar as it implicates only an error of state law and does not otherwise give rise to a federal question. *See Waddington v. Sarausadfp*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n.21 (1982)); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Nor is the court persuaded, to the extent petitioner seeks to raise the argument, that the state courts' decision not to rescind his enhancement violated his federal due process rights. He has not explained how the foregoing error of state law intersects with the Constitution. And the mere invocation of the Constitution is insufficient to convert a claim based on state law – as the immediate one clearly is – into a federal one.[1] *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A claimant] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process. . . .") (as modified).

/////

/////

---

[1] The U.S. Court of Appeals for the Ninth Circuit has carved out a potential exception for showings of "fundamental unfairness." *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994) ("*Absent a showing of fundamental unfairness*, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") (emphasis added). Suffice it to say, petitioner has not shown that the state courts' decision not to revisit his gun enhancement is "fundamentally unfair."

2

III. Conclusion

Accordingly, it is ORDERED that:

1. The Clerk of Court shall randomly assign a United States District Judge to this case; and

2. Petitioner's application to proceed in forma pauperis (ECF No. 5) is GRANTED.

Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE